Judge Buckner-,
delivered the opinion of the court.
This was an action of debt, instituted by the plaintiff in error, against Samuel Bradley, upon the bond, executed by him and sureties, as sheriff of Christian county. He died, and it was revived against his executor and executrix.
In an action against sheriff onhis oflicial ure to return within a month, a ca. sa. which was made rehm»-thecriterión of damages is te real injury plaintiff^ ami «oi the ’ amount of the Merest?1 ^
The declaration avers, that Taylor had obtained a judgment against A. Davis and S. Moore, for the sum of $475, with interest from the 2d of June, 1816, till paid, and $7 9* cents costs, upon which an execution of capias ad satisfaciendum issuccl, directed to the sheriff of said county5 returnable, the 15th of March, 1817, and which being in full force, was placed in the hands of the deputy of Bradley, then sheriff of said county. The breach assigned, is, that he and his said deputy failed, without any good cause therefor, to return the execution aforesaid, according to the command thereof, for one month after the return dap
Demurrers having been sustained to the pleas filed, at the October term, 1827, a writ of enquiry was executed, and a verdict rendered for the plaintiff for $>805; which was set aside by the circuit court, and a new trial granted.
At the April term, 1828, a writ of enquiry was again executed, and a verdict obtained for §819 20 cents; which was again set aside, anda new trial granted.
At a subsequent term, upon affidavit filed, the court permitted the defendants to file a plea, to the filing of which, the plaintiff objected.
The plea avers, that Davis, one of the defendants in the execution, in the plaintiffs declaration mentioned, had paid oííj and discharged the same, to said Taylor, before the commencement of this suit.
A trial was had on an issue joined on this plea, and a verdict and judgment having been rendered in favor 0f ¿he defendants, the plaintiff, prosecutes this writ of error to reverse it, insisting mat the court erred m each instance, in granting anew trial, and in permitting the jas£ pjea mentioned, to he filed. x
yhe position assumed respecting the alleged errors, ™ granting the new trials, cannot he sustained. For the failure on the part of the sheriff to return the execu-(jon according to the command thereof, the plaintiff a right to maintain his action. The verdict, liow-ever, should have been in his favor, to the extent only 0f the injury, which he had sustained, by the failure of ^ie 0^ctí1'* The proof introduced by the plaintiff was conclusive to show, that for a year or two after the ex *211 ecution ought to have been returned, the debt might certainly have been made, had another execution been issued. And indeed at the time of the first and second verdict it was shown by the plaintiff, that one of the defendants in the execution, had removed to the State of Alabama, carrying with him property to a considerable amount, worth, as one witness stated, eight or ten thousand dollars.
Action against sheriff ^etum^x^ution within a month, plea, “that one of defendants in ex?j“^°s“^f £0 plaintiff before the mm!^of this suit,” isinsuf fraction13511
Mills and Brown, for plaintiff; Crittenden, for defendants.
The jury were not, therefore, justified in returning the first and second verdict. The plaintiff had not even averred in the declaration, that the relator had lost his debt, by the negligence or failure of the sheriff.
But the plea filed, upon which the verdict in favor of the defendants was returned, was obviously insufficient to bar the plaintiff’s action, and the issue joined on it, was immaterial. The matter of it, would have been admissible in mitigation of plaintiff’s damages, but the court ought to have sustained the objection to the filing of it.
The judgment of the circuit court must be reversed, and the cause remanded for further proceedings to be had, not inconsistent with this opinion.